930 A.2d 481 (2007)
395 N.J. Super. 638
M.S., Plaintiff-Respondent
v.
MILLBURN POLICE DEPARTMENT, Defendant, and
Office of the Essex County Prosecutor, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 2007.
Decided August 28, 2007.
*482 Sara A. Friedman, Assistant Prosecutor, argued the cause for appellant (Paula T. Dow, Essex County Prosecutor, attorney; Ms. Friedman, of counsel and on the brief; Hillary Brunell, Deputy First Assistant Prosecutor, on the brief).
Jason R. Melzer, Hackensack, argued the cause for respondent (Cole, Schotz, Meisel, Forman & Leonard, attorneys; Mr. Melzer, on the brief).
Before Judges STERN, A.A.RODRíGUEZ and SABATINO.
The opinion of the court was delivered by
A.A. RODRÍGUEZ, P.J.A.D.
The Essex County Prosecutor appeals from the June 2, 2006 summary judgment in favor of M.S., and against it and the Township of Millburn (Millburn), directing the latter to return to M.S. his firearms purchaser identification (FPI) card within three days. We reverse.
The pertinent facts are as follows. M.S. was issued a FPI card in January 1995. During late December 1996, M.S. and his wife became involved in a contentious divorce. As a result of a confrontation at the marital home in front of the children, M.S. and the wife signed domestic violence complaints against each other. Police were called to the marital home and removed the wife. A final restraining order (FRO) pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, was issued against M.S. and the ex-wife on January 15, 1997. The FRO does not prohibit M.S. from possessing firearms. The Millburn police seized from M.S. five weapons, various firing paraphernalia and the FPI card from M.S.
Thereafter, the Prosecutor filed a petition, seeking forfeiture of the five seized weapons. The petition alleged that M.S. "was charged with threatening and assaulting . . . his wife, which constitutes acts of domestic violence as defined by N.J.S.A. 2C:25-19." The petition asserted that the State,
[u]nder the provisions of N.J.S.A. 2C:25-21(d)(3) . . . may obtain title to the said seized weapon(s), revoke any and all permits, licenses or other authorizations to own, use or possess firearms issued to the potential claimant and object to the return of the weapon(s).
M.S. signed a consent judgment, permitting him to sell the five weapons to a registered firearms dealer. Neither the petition nor the judgment for forfeiture mentioned revocation of the FPI card, *483 which remained in the possession of the Millburn Police Department.
Subsequently, M.S. sued for divorce. At the conclusion of the divorce proceedings, the FROs against M.S. and the now ex-wife were vacated by mutual agreement.
In April 2005, M.S. moved in the Family Part to vacate the forfeiture judgment in order to receive his FPI card back from the Millburn police. The Prosecutor opposed the motion and cross-moved for an order to enforce the consent judgment. Ex-wife notified the court that she did not oppose M.S.'s request for the return of his FPI card. The judge denied M.S.'s motion without prejudice, reasoning that the matter should not be venued in the Family Part. The judge suggested that M.S. simply request that Millburn return the card. The judge also denied without prejudice the Prosecutor's motion.
M.S. requested twice that Millburn return his FPI card. After getting no response, M.S. moved in the Criminal Part for the return of his FPI card. The Prosecutor opposed the motion, arguing that the Criminal Part lacked jurisdiction and M.S. should have filed an action in lieu of prerogative writs in the Civil Part. The judge transferred the matter to the Civil Part.
M.S. filed an action in lieu of prerogative writs. The Prosecutor and Millburn filed briefs in opposition. M.S. moved for summary judgment, arguing that the TRO against him had been dismissed. The Prosecutor opposed the motion and cross-moved for summary judgment. The Civil Part judge granted M.S.'s motion, denied the Prosecutor's motion and ordered the return of the FPI card within three days. The Prosecutor's motion for a stay pending appeal was denied.
The Prosecutor appeals contending that the judge "erred in finding that M.S. was not subject to a disqualifying disability from possessing his [FPI] card." We agree. There is no basis in the record to vacate the forfeiture judgment or to order the return of the FPI card.
We agree with M.S. that he is not disqualified from possessing the FPI card by virtue of N.J.S.A. 2C:25-29b(16) or 58-3c(6). In the court's discretion, a defendant subject to a domestic violence restraining order can be prohibited from possessing firearms. N.J.S.A. 2C:25-29b(16). No such order was entered here. Neither will a FPI card be issued "to any person who is subject to a restraining order issued pursuant to the `Prevention of Domestic Violence Act of 1991,' prohibiting the person from possessing any firearms" at the time. That is also not the case here. Until the time that the FRO was vacated, M.S. was subject to such a restraining order. However, at the time of his application for return of his FPI card, he was not subject to the restraining order and, thus, the disability pursuant to section 3c(6) did not apply. N.J.S.A. 2C:58-3c(6).
However, N.J.S.A. 2C:58-3c(8) does apply. That section provides that an FPI card shall not be issued "[t]o any person whose firearm is seized pursuant to the `Prevention of Domestic Violence Act of 1991' . . . and whose firearm has not been returned." In sum, the prohibition set forth in section 3c(8) survives even if, as in the case here, a restraining order is vacated. Ibid. M.S.'s firearms were seized by the State pursuant to N.J.S.A. 2C:25-21d(3), based on the domestic violence charge and subsequent FRO.
The issue raised by M.S. is that section 58-3c(8), which was not in effect at the time of the forfeiture judgment,[1] should not be applied to his application. *484 We conclude that it should be applied because it was the governing law at the time that M.S. moved for the return of the FPI. It is inconsequential that up until January 4, 2004, the prohibition set by section 3c(8) did not exist. The Legislature, by enacting that section, provided the standard to be applied for future application for a FPI, or by inference, return of a seized FPI. In deciding M.S.'s application, which was filed in 2005, the judge had to apply the existing standard. By its terms, N.J.S.A. 2C:58-3c(8) applies to prior seizures of firearms. Yet, there is nothing in the statute that "grandfathers in" seizures that preceded the enactment of this section. Moreover, such an exemption would not advance the policy embodied in section 3c(8).
The Prosecutor's next contention is that the judge misapplied equitable principles by ruling that the State had "knowingly waived its right to seek a revocation of M.S.'s card." We agree.
First, we note that equitable principles are rarely invoked against a governmental agency. O'Malley v. Dept. of Energy, 109 N.J. 309, 316, 537 A.2d 647 (1987). Second, the Prosecutor cannot waive the statutory disability imposed by N.J.S.A. 2C:58-3c(8). Third, until M.S. sought the FPI card, there was no reason for the Prosecutor to apply for its revocation. At all times, the FPI card had been in the possession of the Millburn police, beyond M.S.'s reach. Finally, N.J.S.A. 2C:58-3f, permits a County Prosecutor at any time to make an application to the court for a revocation of a FPI, upon a finding that the holder no longer qualifies for such a gun permit. We deem the Prosecutor's answer to the prerogative writs action to be the equivalent of an application for the revocation of the FPI card. Therefore, we conclude that there is no waiver by the State or Prosecutor.
The June 21, 2006 order is vacated, and the Millburn Police Department may continue to hold M.S.'s FPI card, or destroy it.
Reversed.
NOTES
[1] That provision became effective on January 4, 2004, L. 2003, c. 277, § 4.